United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE HICKS,<br>    Petitioner,<br>    v.<br>S. HATTON, Warden,<br>    Respondent. | Case No. 17-00972 EJD (PR)<br>**ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, Petitioner was found guilty by a jury in Monterey County Superior Court of second degree murder. (Pet. Attach. at 2.) Petitioner was sentenced on September 15, 1983, to a term of 15 years-to-life. (Pet. at 1.)

Petitioner appealed his conviction to the state appellate court, and then to the state high court which denied review in 1985. (Pet. at 3.) Petitioner filed state habeas petitions, which were also denied. (Id. at 3-4.)

Petitioner filed a petition in the "Northern District Court of Appeals," which was

also denied.[1] (Pet. at 4.)

Petitioner filed the instant petition on February 24, 2017.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Legal Claims

Petitioner asserts new evidence supports the petition, specifically: (1) prosecutorial misconduct by the use of an informant's false testimony; and (2) the trial court erred in admitting the "electrophoresis" evidence because the process was not reliable and the defense was disallowed an independent test because the prosecution consumed all available sample. (Pet. Attach. at 3-7.) Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition and all

---

[1] It is possible that Petitioner filed a previous federal habeas petition, which would make the instant action subject to dismissal as a second or successive petition, see 28 U.S.C. § 2244(b)(1), but this fact is not readily apparent from the petition or the attachments thereto. Accordingly, Respondent may respond to the appropriateness of such a dismissal in a motion to dismiss.

attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

///

3

**IT IS SO ORDERED.**

**Dated:** 5/30/2017

_____
EDWARD J. DAVILA
United States District Judge